# EXHIBIT 2

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THE COUNTY OF GRANT

| | |
|---|---|
| JOHN W. JENSEN,<br><br>    Plaintiff,<br><br>v.<br><br>CHS INC., a foreign corporation,<br><br>    Defendant. | Cause No. 18-2-01284-13<br><br>VERIFIED COMPLAINT |

COMES NOW the Plaintiff, John W. Jensen ("Plaintiff" or "Jensen"), by and through his attorneys, Paul S. Kube of Lacy Kane & Kube, P.S., who alleges and states:

### I. PARTIES, JURISDICTION AND VENUE

1.1. Jensen is a resident of Moses Lake, Grant County, Washington.

1.2. Defendant, CHS Inc. ("CHS"), is a foreign corporation doing business in Moses Lake, Grant County, Washington.

1.3. All acts and/or omissions complained of occurred in Grant County, Washington.

1.4. Jurisdiction and Venue are proper in this Court.

VERIFIED COMPLAINT - 1
c3:Z:\JENSEN-J.EMP\PLEADINGS\complaint.docx



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

## II.  FACTS

2.1.  On or about March 29, 2001, Jensen was hired by a Cenex company doing business as "Harvest States."

2.2.  After Jensen was initially hired, Plaintiff became an employee of CHS.

2.3.  Jensen does not know the details of how CHS became his employer, but on information and belief it was the result of Harvest States being acquired by CHS.

2.4.  During his tenure at Harvest States and CHS, Jensen's employment position title has been Manager Account 1/Agronomy Sales Person ("Position").

2.5.  In approximately 2010, Jensen was diagnosed with renal failure.

2.6.  On or about July 7, 2015, Jensen was subsequently diagnosed with end-stage renal failure ("medical condition").

2.7.  Until approximately September 2017, during Jensen's entire employment in the Position, Jensen was always provided an assistant.

2.8.  In approximately September 2017, Jensen's assistant obtained employment from a different employer.

2.9.  Jensen and CHS had a qualified candidate to replace Jensen's assistant that had left in approximately September 2017, even so, CHS delayed hiring that assistant for Jensen and eventually chose not to hire that candidate assistant, or any other assistant, for Jensen.

2.10.  Jensen has been performing the essential functions of his Position with his medical condition, with the use of his assistant and without incident, since the diagnosis of his medical condition.

VERIFIED COMPLAINT - 2
c3:Z:\JENSEN-J.EMP\PLEADINGS\complaint.docx



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ♦ FAX: (509) 884-4805

2.11. On or about April, 2018, Jensen applied for Family Medical Leave pursuant to applicable Washington State law because he was then a candidate for kidney transplant surgery and complied with RCW 47.78.250 to provide CHS with notice of his then foreseeable leave.

2.12. As a candidate for kidney transplant surgery, Jensen's opportunity to obtain viable transplant can occur at any time depending on the availability of donor kidneys. Jensen applied for the Family Medical Leave in the anticipation that he would take that leave beginning whenever there was an opportunity for available kidneys.

2.13. On May 16, 2018, CHS inquired to Jensen's medical doctor with a "Medical Inquiry in Response to an Accommodation Request" form ("2018 Inquiry").

2.14. On the 2018 Inquiry, Jensen's medical doctor listed the exact same physical limitations hat had been in place for over three (3) years since the medical condition was diagnosed. These exact same limitations included not lifting more than twenty (20) pounds or standing for more than ten (10) minutes.

2.15. As a result of the 2018 Inquiry, Jensen's medical doctor indicated the exact same accommodation that had been in place for over three (3) years of Jensen utilizing a full-time assistant to do the lifting of more than twenty (20) pounds or do tasks that require more than ten (10) minutes of standing.

2.16. In a letter dated May 25, 2018 from CHS ("Letter") to Jensen, CHS denies Jensen's request to continue his accommodation of utilizing an assistant to perform certain tasks.

2.17. In the Letter, CHS acknowledges that the accommodations have been made for Jensen in the past during Jensen's tenure of employment.

VERIFIED COMPLAINT - 3
c3:Z:\JENSEN-J.EMP\PLEADINGS\complaint.docx



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ♦ FAX: (509) 884-4805

2.18. In the Letter, CHS denies Jensen's continuation request of accommodation and instead took adverse employment action against Jensen and involuntarily placed Jensen on short-term disability and listing long-term disability as the next option.

2.19. As a result of this adverse action taken by CHS, Jensen's last day of active employment with CHS was June 1, 2018.

2.20. On June 20, 2018, CHS approved Jensen's Family Medical Leave request but by that time CHS had already taken the adverse action of involuntarily terminating Jensen's active employment.

## III.   FIRST CAUSE OF ACTION

## VIOLATION OF RCW 49.60

## DISABILITY DISCRIMINATION/DISPARATE TREATMENT

3.1. Jensen restates and realleges all prior paragraphs.

3.2. Jensen had a disability under Washington law.

3.3. Other CHS employees in the same Position as Jensen are provided assistants.

3.4. The conduct of CHS gives rise to a claim for disability discrimination, including, but not limited to, disparate treatment, retaliation and unlawful and adverse employment action amounting to an involuntary and wrongful discharge.

3.5. Through its discharge of Jensen, CHS violated RCW 49.60.

3.6. As a proximate result of said violation of RCW 49.60, Jensen suffered damages in an amount to be proven at trial.

## IV.   SECOND CAUSE OF ACTION

## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

4.1 Jensen restates and realleges all prior paragraphs.

VERIFIED COMPLAINT - 4
c3:Z:\JENSEN-J.EMP\PLEADINGS\complaint.docx



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

4.2  It is the public policy of the state of Washington that an employer shall not take adverse employment actions, discharge, discriminate or retaliate against an employee as a result of their disability.

4.3  CHS violated Washington's public policy by taking that adverse employment action of terminating Jensen's active employment on the basis of his disability.

4.4  As a proximate result of the violation of Washington State's public policy, Jensen has suffered damages in an amount to be proven at trial.

## V.  THIRD CAUSE OF ACTION VIOLATION OF THE FAMILY LEAVE ACT

### (RCW 49.78)

5.1.  Jensen restates and realleges all prior paragraphs.

5.2.  CHS has interfered with, restrained, discriminated or retaliated against Jensen's exercise of, or attempt to exercise, his rights under Washington's Family Leave Act ("WFLA") in violation of RCW 49.78.300.

5.3.  As a proximate result of said violation of RCW 49.78, Jensen has suffered damages in an amount to be proven at trial.

## VI.  PRAYER FOR RELIEF

Jensen requests relief as follows:

A.  Past and future lost and unpaid wages and benefits, and penalties for unpaid wages and benefits, including interest, in an amount to be proven at trial;

B.  All other past and future special and general damages in an amount to be proven at trial;

C.  Reasonable attorneys' fees and costs of this action; and

VERIFIED COMPLAINT - 5
c3:Z:\JENSEN-J.EMP\PLEADINGS\complaint.docx



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

D.   Such other and further relief as the Court may deem just and equitable.

Dated this 4 of October, 2018.

LACY KANE & KUBE, P.S.

_____
PAUL S. KUBE, WSBA #24336
Attorneys for Plaintiff

VERIFIED COMPLAINT - 6
c3:Z:\JENSEN-J.EMP\PLEADINGS\complaint.docx



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ◆ FAX: (509) 884-4805

## VERIFICATION OF PLAINTIFF

I am the Plaintiff in the above-captioned matter, have read the foregoing Complaint, know the contents thereof and believe the same to be true.

_____
JOHN W. JENSEN

VERIFIED COMPLAINT - 7
c:\Z:\JENSEN-J.EMP\PLEADINGS\complaint.docx



LACY KANE & KUBE
300 Eastmont Avenue
East Wenatchee, WA 98802
(509) 884-9541 ♦ FAX: (509) 884-4805